```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
RAFAEL EMILIO MEDRANO LARA,   :
                              :
            Petitioner,       :
                              :    04 Civ. 8020 (LAP)(KNF)
    -against-                 :
                              :         ORDER ADOPTING
                              :    REPORT AND RECOMMENDATION
THE STATE OF NEW YORK,        :
                              :
            Respondent.       :
------------------------------x
```

LORETTA A. PRESKA, United States District Judge:

Rafael Emilio Medrano Lara ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 12, 2004 challenging the New York sentence imposed upon him in 1995 (the "Petition"). Petitioner is currently serving a seven year sentence in federal prison, which was imposed in 2001. The Petition was promptly referred to the Honorable Kevin Nathaniel Fox, Magistrate Judge. The State of New York ("Respondent") moved to dismiss the Petition for lack of subject matter jurisdiction on February 18, 2005. Respondent argued that because a detainer was never filed with federal prison officials and because there is no indication that the State of New York intends to take Petitioner into custody following the completion of his federal sentence, Petitioner is not in-custody within the meaning of 28 U.S.C. § 2241. Thus, Respondent argues, the Court does not have subject matter jurisdiction over the Petition.

On April 29, 2005, Judge Fox issued a Report and Recommendation advising that "(1) the respondent's motion to

dismiss petitioner's application for habeas relief be denied; and (2) the attorney for the respondent be directed to show cause to the assigned district judge why she has not violated Fed. R. Civ. P. 11(b)." Report and Recommendation of Judge Fox, at 5. Judge Fox based his Report and Recommendation on the controlling authority of <u>Frazier v. Wilkinson</u>, 842 F.2d 42 (2d Cir. 1988), and the failure of the attorney for Respondent to mention this controlling authority in her motion to dismiss. Respondent filed an objection to the Report and Recommendation on May 27, 2005. Petitioner filed a reply to Respondent's objection to the Report and Recommendation on July 5, 2005.

I. <u>The Motion to Dismiss</u>

Respondent's motion to dismiss is premised on the argument that this Court lacks subject matter jurisdiction over the Petition because Petitioner is not in-custody as required by 28 U.S.C. § 2241. However, the Court of Appeals held that in the absence of a detainer, habeas corpus may be used to challenge a sentence that is consecutive to a sentence currently being served "as long as there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement." <u>Frazier v. Wilkinson</u>, 842 F.2d 42, 45 (2d Cir. 1988). By applying the reasonable basis test to evaluate whether a Petitioner is in-custody, "the interests of both the petitioner and the state are served by permitting habeas challenges to consecutive sentences prior to the commencement of their

service." <u>Simmonds v. Immigration and Naturalization Service</u>, 326 F.3d 351, 355 (2d Cir. 2003)(quoting <u>Frazier</u>, 842 F.2d at 45).

In its objection to the Report and Recommendation, Respondent argues that <u>Frazier</u> is distinguishable from this case because in <u>Frazier</u> the state court specifically directed that the state sentence and the federal sentence run consecutively. <u>Frazier</u>, 326 F.2d at 43. In the present case the sentences run consecutively not because of an order to that effect but because 18 U.S.C. § 3584(a) requires that sentences imposed at different times run consecutively in the absence of an order to the contrary.

A plain reading of 18 U.S.C. § 3584(a) and <u>Frazier</u> renders Respondent's argument futile. Neither <u>Frazier</u> nor any case citing <u>Frazier</u> distinguishes the holding in <u>Frazier</u> on the basis of the manner in which the sentences become consecutive. The Court of Appeals' view is clear: "We think that habeas relief may be used as long as there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement." <u>Frazier</u>, 842 F.2d at 45. To attempt to distinguish <u>Frazier</u> from the instant case by way of technicality directly conflicts with the Second Circuit's view that "[t]he policies of the Great Writ are surely not served by permitting a state to postpone, perhaps for many years, a challenge to its consecutive sentence by the simple expedient of deferring the filing of a detainer until close to the end of the initial

3

sentence." Id.

Respondent further argues there is no reasonable basis to believe that state officials intend to enforce Petitioner's state sentence because the District Attorney was notified on at least four occasions that Petitioner was in federal prison in Florida, and the District Attorney did not seek a detainer at any point after receiving these notifications. However, under the Frazier reasonable basis test it is presumed that the State will seek enforcement of the state sentence. "With a consecutive sentence . . . the absence of a detainer rarely leaves a state's intention in doubt. There is normally an expectation that a state imposing a consecutive sentence will insist that it be served." Id. Indeed, "the Second Circuit seems to suggest that the mere existence of consecutive sentences satisfies this 'reasonable basis test' stating that 'the pendency of the consecutive sentence satisfies the 'in-custody' requirement of habeas corpus relief.'" Duarte v. Hurley, 43 F. Supp. 2d 504, 507-508 (D.N.J. 1999)(holding there is a reasonable basis to conclude that the jurisdiction seeking to enforce the consecutive sentence will seek its enforcement where the jurisdiction was alerted to prisoner's whereabouts at least twice over a ten-year period and did not seek a detainer)(quoting Frazier, 842 F.2d at 43). Accordingly, Judge Fox's Recommendation that Respondent's Motion to Dismiss be denied is adopted.

II. Rule 11(b)

The attorney for Respondent did not cite the controlling authority of Frazier in her motion to dismiss.

Consequently, Judge Fox recommended that she be ordered to show cause why she has not violated Rule 11(b).

"The Second Circuit has construed Rule 11 to mandate that sanctions be imposed . . . under Rule 11(b)(2) when a party presents to the court papers 'without a belief formed, from a reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.'" Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d 126, 139 (S.D.N.Y. 2002)(quoting Caisse Nationale De Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994)). "'[W]here it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands,'" an attorney may be found to have violated Rule 11. Lipin, 202 F. Supp. 139 (quoting Eastway Constr. Corp. v. City of New York, 763 F.2d 243, 254 (2d Cir. 1985), cert. denied, 484 U.S. 918). In the context of failure to cite controlling authority, a violation can be found "if the omitted case law and statutory provisions would render the attorney's argument frivolous . . ." United States v. Stringfellow, 911 F.2d 225, 226 (9th Cir. 1990). An argument is "frivolous under Rule 11 if it is unreasonable when viewed from the perspective of 'a competent attorney admitted to practice before the district court.'" Id. (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986)).

Frazier and 18 U.S.C. § 3584(a) clearly render

5

Respondent's argument frivolous. Respondent's argument, concerning Petitioner's alleged failure to satisfy the in-custody requirement of § 2241, therefore, "ha[d] no chance of success under existing precedents." Eastway, 763 F.2d at 254. A reasonable inquiry by a competent attorney into existing law would have made plain that it was necessary to bring Frazier to the attention of Petitioner and Judge Fox.

The attorney for Respondent recognizes "in retrospect that I [attorney] should have cited and distinguished Frazier in my motion to dismiss," Respondent's Objections to the Magistrate Judge's Report and Recommendation and Appendix, at 10, but argues that Frazier still is not controlling and that it was not her intention to mislead the court or engage in appropriate conduct. However, this argument appears to be a "post hoc effort[] to evade the imposition of sanctions." Jorgenson v. County of Volusia, 846 F.2d 1350, 1352 (11th Cir. 1988). Furthermore, "[t]he 1993 Advisory Committee notes explain that Rule 11(b)(2) establishes an objective standard, intended to eliminate any 'empty-head pure-heart justification for patently frivolous arguments.'" Guary v. Winehouse, 235 F.3d 792, 798 (2d Cir. 2002)(quoting Fed. R. Civ. P. 11 (advisory committee notes to 1993 amendments)).

## CONCLUSION

Finding Judge Fox's Report and Recommendation to be well-reasoned and throughly grounded in the law, it is hereby ORDERED that the Report and Recommendation is adopted in its entirety. The attorney for Respondent, Kimberly Morgan, shall

6

establishes an objective standard, intended to eliminate any 'empty-head pure-heart justification for patently frivolous arguments.'" <u>Guary v. Winehouse</u>, 235 F.3d 792, 798 (2d Cir. 2002)(quoting Fed. R. Civ. P. 11 (advisory committee notes to 1993 amendments)).

## CONCLUSION

Finding Judge Fox's Report and Recommendation to be well-reasoned and throughly grounded in the law, it is hereby ORDERED that the Report and Recommendation is adopted in its entirety. The attorney for Respondent, Kimberly Morgan, shall show cause in Courtroom 12A on September 16, 2005 at 2:00 p.m. as to why she has not violated Rule 11(b).

SO ORDERED

September 6, 2005

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

7